In the Matter of the Application of WILLIAM M. CHADBOURNE, Appellant, for a Peremptory Mandamus Order against JOHN R. VOORHIS and Others, Respondents.

First Department, October 9, 1923.

**Elections — qualifications of new voters — literacy test cannot be had at time of registration — Election Law, § 166, as amended by Laws of 1923, chap. 809, construed.**

Under section 166 of the Election Law, as amended by chapter 809 of the Laws of 1923, the literacy test prescribed for new voters cannot be administered by the inspectors of election at the time of registration.

SMITH, J., dissents, with opinion.

APPEAL from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of October, 1923, denying relator's motion for a peremptory order of mandamus.

*Leonard M. Wallstein,* for the appellant.

*George P. Nicholson, Corporation Counsel* [*Russell Lord Tarbox* of counsel; *John F. O'Brien* with him on the brief], for the respondents.

*Carl Sherman, Attorney-General* [*Robert P. Beyer, Deputy Attorney-General,* of counsel], for the Attorney-General of the State of New York.

McAVOY, J.:

Discovery of the true interpretation of the design of the Legislature is to be made, not in the date of approval of the three bills which contain the enactments about which the conflict revolves, but rather in their legislative course and the undoubted object which impelled the passage of each of them. While each act speaks at the date of its approval, which in each instance is the same date, nevertheless this does not make out the intent of the legislative power. Section 166 of the Election Law, as revised by chapter 588 of the Laws of 1922 (Consol. Laws, chap. 17), was wholly repealed by its omission in chapter 809 of the Laws of 1923 (amdg. Election Law of 1922, § 166), and a new section *in pari materia* obviously substituted as a mode of ascertainment of a voter's literacy. There could be no reasonable dispute of the result of the statute if this were the sole legislative action. The contents of the bills which give rise to the claim that a literacy test may still be had at the time of registration before the boards of inspectors were acts of previous determination by the legislative

body and were apparently not then intended to run current with a subsequently declared policy.

Even if the acts were concurrently enacted, their provisions give so slight a ground of inference of an intent to continue the former policy of method of ascertainment of literacy that they would hardly prevail over the positively declared means of proof of literacy pointed out in the new section 166 as enacted in the same year.

One provision contained in chapter 810 of the Laws of 1923 (amdg. Election Law of 1922, §§ 77, 171) has to do solely with supplies to be furnished registration boards and is obviously continued because at the time of its passage the new policy in chapter 809 of the Laws of 1923 (amdg. Election Law of 1922, § 166) had not been declared in any legislative bill passed by the enacting power. The other provision, known as new subdivision 3 of section 166 of the Election Law of 1922, as added by chapter 803 of the Laws of 1923, provides that

" 3. Upon registering a voter after administering such test or receiving such proof, each inspector shall make a note upon his register in the registration remarks column 'literacy test satisfactory' or 'unsatisfactory' as the case may be."

This too was passed as a legislative bill before the enactment of the bill now known as chapter 809 of the Laws of 1923. The latter chapter provided an exclusive method for the literacy test and its specific purpose and design is repugnant to a reasoning that a contrary design was intended to be continued which provided an alternative means of determining literacy.

The order should be reversed and the motion for peremptory mandamus granted.

CLARKE, P. J., FINCH and MARTIN, JJ., concur; SMITH, J., dissents.

SMITH, J. (dissenting):

I agree to the interpretation given to the so-called Steinberg Act (Laws of 1923, chap. 809, amdg. Election Law of 1922, § 166) by Mr. Justice McAVOY. The Constitution (Art. 2, § 1, as amd. in 1921) provides that suitable laws shall be passed by the Legislature to enforce this provision. In my judgment, the statute does not contain suitable provisions, while leaving to the Board of Regents the power to determine what opportunity shall be given to the voter to procure the certificate of said Board. I, therefore, dissent.

Order reversed and motion granted.